# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIETH DAVIS, | : |
|     Plaintiff, | : |
| | : |
| v. | :    CIVIL ACTION NO. 19-CV-2905 |
| | : |
| THE CITY OF PHILADELPHIA, *et al.*, | : |
|     Defendants. | : |

## MEMORANDUM

**SCHMEHL, J.** /s/ JLS                                                                          JULY 23, 2019

Plaintiff Keith Davis filed this civil action against the Third Circuit Court of Appeals, the "Third Circuit Court all Districts," the "Clerks of U.S. Courts and State Courts," various state courts, municipal employees/entities and attorneys, and the Washington Post.[1] Although he did not name them in the caption, he also appears to be bringing claims against several current and former federal judges, and clerical officers for various state and federal courts. He raises civil rights and other claims stemming from criminal cases filed against him and various proceedings in state and federal court. Davis also moved to proceed *in forma pauperis*. The Court will grant Davis leave to proceed *in forma pauperis*, dismiss most of his claims as legally baseless, and permit him to file an amended complaint as to certain claims.

## I.    FACTS[2]

The complaint raises a vast set of claims. At bottom, the Court understands Davis to be alleging that state prosecutors, state courts, state and federal judges, public defenders and others

---

[1] Plaintiff's name appears to be spelled Keith Davis. There appears to be a typographical error in the caption of the Complaint.

[2] The following facts are taken from the Complaint and the public record.

1

have generally conspired to rig the judicial system against African Americans.  Many of Davis's allegations are pled in general and conclusory terms.  However, it appears the impetus for this lawsuit is his June 1, 2018 arrest, his related prosecution and imprisonment, and a related habeas petition that he filed in this Court.  (*See* Compl. at 9.)[3]

Davis alleges that on that date he was arrested by officers of the Philadelphia Police Department, charged with various felonies, including attempted murder, and incarcerated at the Philadelphia Industrial Correctional Center ("PICC").  Davis claims that while incarcerated at PICC he was unconstitutionally punished and denied medical care for various ailments including an "old gunshot wound to the chest, dysentery, and [a] broken tooth." (*Id.*)  Davis filed motions in state court and a *habeas* petition in federal court, which was dismissed without prejudice by the Honorable Gerald J. Pappert because Davis failed to pay the fee, failed to file the application on the proper form, and failed to exhaust state remedies.  *See Davis v. Phila. Dep't of Prisons Warden*, Civ. A. No. 18-3033 (E.D. Pa.) (ECF No. 4).  Davis also notes that Judge Pappert denied a prior habeas petition that he filed challenging pretrial detention in connection with a 2014 arrest.  *See Davis v. Ct. of Common Pleas*, Civ. A. No. 15-5113 (E.D. Pa.).

In the instant Complaint, Davis alleges that certain Defendants "fabricate[d] lies" to maintain the charges against him, and that the public defenders conspired with others to keep him in jail.  (*Id.* at 10.)  The charges against Davis were dismissed on September 11, 2018 and he was released.  Davis also appears to reference other criminal prosecutions initiated against him and alleged failures in those prosecutions and the prosecutions of third parties.  He generally

---

[3] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

refers to litigation in the state and federal courts and suggests that the courts have been rigged against him.

The Complaint indicates that Davis intends to bring claims pursuant to 42 U.S.C. § 1983, § 1985(3), § 1986, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). He presumably brings claims against the federal actors pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Davis seeks assorted declaratory relief, an "independent tribunal" to assess his claims, and millions of dollars in damages. (Compl. at 19.)

## II. STANDARD OF REVIEW

The Court will grant Davis leave to proceed *in forma pauperis* because it appears that he cannot afford to pre-pay the fees to commence this civil action. As Davis is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Davis is

proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

#### A. Section 1985(3) Claims and Other Conspiracy Claims

The primary impetus for Davis's Complaint appears to be a vast conspiracy among state and federal judges, prosecutors, defense attorneys, and others to deprive African-Americans access to the courts. "[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct"). "[T]o

4

properly plead an unconstitutional conspiracy [under § 1983], a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "'A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.'" *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (per curiam) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)). Furthermore, to state a claim against a given defendant, the complaint must provide sufficient factual matter from which the Court could plausibly infer that the defendant was personally involved in the violation of plaintiff's constitutional rights. *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

Davis's conspiracy claims are predicated almost entirely on conclusory allegations. The factual basis for his claims appears to be unfavorable judicial rulings and dissatisfaction with the criminal justice system. His factual allegations do not plausibly support a vast conspiracy, let alone a race-based conspiracy, and fail to establish any coordinated action among the Defendants. In sum, the Court will dismiss Davis's conspiracy claims because he has not alleged any facts to plausibly suggest that any of the Defendants reached an agreement to violate his rights because he is African-American or for any other reason. *See Johnson v. Kugler*, Civ. A. No.. 12-2031, 2012 WL 1521921, at *2 (E.D. Pa. May 1, 2012) ("Stripped of its bare allegations of 'conspiracy' and 'sabotage,' the complaint fails to assert any facts that would support a due process or a conspiracy claim.").

**B. Section 1986 Claims**

Davis's § 1986 claims also fail. "[Section] 1986 constitutes an additional safeguard for those rights protected under 42 U.S.C. § 1985, and transgressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Carbaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (internal quotations omitted). Moreover, a plaintiff must allege that: "(1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation, (3) the defendant neglected or refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed." *Id*. As discussed above, Davis has failed to allege the existence of a § 1985 conspiracy. He therefore cannot maintain plausible § 1986 claims against the Defendants.

**C. Section 1983 Claims**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Davis's claims against the state courts and their parole departments fail because state courts and their departments are entitled to Eleventh Amendment immunity from suit and are not considered persons for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity); *see also* 42 Pa. Cons. Stat. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Davis's claims against any state judges fail because he appears to be suing those

judges based on how they handled his criminal cases, but judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). It is apparent that the identified judges are entitled to immunity from Davis's claims.

To the extent Davis is bringing claims against prosecutors for initiating and pursuing criminal charges against him, those claims are barred by absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case."). Any § 1983 claims against public defenders or other lawyers are legally baseless because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted); *see also Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). These Defendants cannot be considered state actors based on allegations that they conspired with state actors because Davis has not adequately pled a basis for a conspiracy, as discussed above.

Davis has also failed to state a basis for municipal liability here. To state a § 1983 claim against a municipality, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom

7

or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, No. 16-4351, 2019 WL 2998601, at *8 (3d Cir. July 10, 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* Davis has not alleged any facts in support of a municipal policy, pattern, or practice or showing of municipal deliberate indifference that would support a plausible inference that the City of Philadelphia or any other municipal entity caused a violation of his constitutional rights. Indeed, Davis's Complaint is too generalized and unfocused to make clear what acts or omissions he intends to attribute to the City. Accordingly, these claims fail.

Davis has also failed to state a claim against any of the individual state actors. "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes,* 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating

8

the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* "[T]he level of intent necessary to establish supervisory liability will vary with the underlying constitutional tort alleged." *Id.* at 319.

Davis has not pled sufficient facts to state a plausible claim against any state court employees based on the handling of his cases. Even if he could state a basis for a claim against these individuals, he has raised so many vague allegations about so many filings that it is not clear what he intends the basis for his claim against each Defendant to be in a manner that would put that Defendant on notice of the claim. Davis indicates that the Philadelphia Police Department and Commissioner Richard Ross "fabricated lies" to maintain false charges against him, but Davis does not elaborate on those allegations. (Compl. at 10.) While fabricating evidence or pursuing false charges could give rise to a constitutional claim, Davis must provide enough facts to put the Defendants and the Court on notice of his claim. *See generally Black v. Montgomery Cty.*, 835 F.3d 358, 371 (3d Cir. 2016) ("[A]n acquitted criminal defendant may have a stand-alone fabricated evidence claim against state actors under the due process clause of the Fourteenth Amendment if there is a reasonable likelihood that, absent that fabricated evidence, the defendant would not have been criminally charged."); *Halsey v. Pfeiffer*, 750 F.3d 273, 291 (3d Cir. 2014) (explaining distinctions between Fourth and Fourteenth Amendment claims). Here, is not clear what falsehoods Davis is attributing to Ross or any other officers, so his claim is too conclusory to be plausible as pled.

Finally, it appears that Davis intends to bring claims against the "Superintendent, Philadelphia County Jail, PICC," based on the conditions at the PICC. In this regard, Davis appears to be bringing claims for unconstitutional punishment and deliberate indifference to his

9

serious medical needs.  However, he has not alleged facts explaining how this Defendant (or any other Defendant) is responsible for the claimed conditions at PICC, whether due to that Defendant's involvement in the events in question, maintenance of an unconstitutional policy or custom, or knowledge and acquiescence in his subordinates' violations.  In sum, the Complaint does not state a claim against any of the Defendants for violation of Davis's rights based on the conditions of confinement at PICC.

### D. *Bivens* Claims

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  The courts are part of the judicial branch of the federal government, and are thus are entitled to sovereign immunity absent a waiver.  *See Alston v. Admin. Offices of Delaware Courts*, 663 F. App'x 105, 108 (3d Cir. 2016) (per curiam) ("The USBCDD is part of the judicial branch of the Federal Government and, absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." (quotations and alteration omitted)).  As sovereign immunity has not been waived to allow a plaintiff to raise federal constitutional claims against the federal government or its agencies in this context, the Court will dismiss Davis's *Bivens* claims against the federal courts.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001) (explaining that *Bivens* "is concerned solely with deterring the unconstitutional acts of individual officers"); *Dambach v. United States*, 211 F. App'x 105, 107 (3d Cir. 2006) (per curiam) (explaining that "[a] *Bivens* action is not available against the United States or one of its agencies").

The Court will also dismiss Davis's *Bivens* claims against the federal judges discussed in the Complaint.  As explained above, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not

act in the complete absence of all jurisdiction. *See Stump*, 435 U.S. at 355-56; *Azubuko*, 443 F.3d at 303-04. Here, it is apparent that Davis's claims against the federal judges are based on rulings they made in cases that were assigned to them. Accordingly, those claims are barred by absolute judicial immunity.

To the extent Davis is raising claims against federal employees of this and other federal courts, he has not plausibly alleged that any of those individuals violated his constitutional rights. Furthermore, if Davis is raising claims against these Defendants for handling his lawsuits in accordance with judicial orders, his claims are barred by quasi-judicial immunity. *See Gallas v. Supreme Ct. of Pennsylvania*, 211 F.3d 760, 772-73 (3d Cir. 2000). Davis has also failed to state a claim against Attorney General Barr because he has not plausibly alleged how Barr was personally involved in any events that led to a violation of his constitutional rights.

### E. Claims Against the Washington Post

Davis's claims against the Washington Post are essentially based on his opinion that the Washington Post has failed to pursue and publish stories related to the claims in the instant lawsuit. There is no legal basis for a claim against the Washington Post based on its decision not to publish certain stories, so the Court will dismiss Davis's claims against the Washington Post.

### F. RICO

The federal civil RICO statute provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter[, which prohibits racketeering activity,] may sue therefor in any appropriate United States district court . . . ." 18 U.S.C. § 1964(c). "[I]n construing the federal RICO law, [the Third] Circuit has rejected the argument that personal injuries qualify as RICO injuries to 'business or property.'" *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 323 (3d Cir. 2014). Furthermore, RICO does not provide a cause

of action where the damages alleged are "speculative." *Maio v. Aetna, Inc.*, 221 F.3d 472, 495 (3d Cir. 2000) (speculative damages that were "predicated exclusively on the possibility that future events might occur" could not form the basis of a RICO injury).

Nothing in the Complaint provides a plausible basis for concluding that Davis suffered a non-speculative injury to business or property that would give him standing to raise a RICO claim. Rather, he is seeking compensation for personal injuries that are not injuries to "business or property" for purposes of RICO. *See Clark v. Conahan*, 737 F. Supp. 2d 239, 255 (M.D. Pa. 2010) (observing that "[m]ental distress, emotional distress, and harmed reputations do not constitute injury to business or property sufficient to confer standing on a RICO plaintiff" and explaining that "injury for RICO purposes requires proof of concrete financial loss, not mere injury to an intangible property interest"); *see also Ben-Issaschar v. ELI Am. Friends of the Israel Ass'n for Child Prot., Inc.*, Civ. A. No. 15-6441, 2016 WL 97682, at *3 (E.D. Pa. Jan. 7, 2016) ("The type of harm suffered by Etti for which she seeks to recover in this action—i.e., harm related to her detention and the alleged abuse she suffered while detained—is not an injury to 'business or property' that is cognizable under the RICO laws."). Davis's failure to allege an injury to business or property is also fatal to any RICO conspiracy claims he may be raising. *See Magnum v. Archdiocese of Phila.*, 253 F. App'x 224, 229 (3d Cir. 2007) ("A plaintiff alleging a civil RICO violation under either § 1962(c) or (d) must plead a cognizable injury to 'business or property' under § 1964(c)."). Thus, Davis's RICO claims will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Davis's Complaint as frivolous and for failure to state a claim. Davis's request for an independent tribunal to evaluate his claims is denied to the extent he is requesting that a judge from another district preside over this case. As

it is possible that Davis could cure some of the defect in his claims, particularly with regard to the conditions of his confinement or the prosecution that ended in his acquittal, he will be given leave to file an amended complaint as to those claims.  An Order follows.

                              **BY THE COURT:**

                              **/s/ Jeffrey L. Schmehl**
                              **JEFFREY L. SCHMEHL, J.**