# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIETH DAVIS,<br>  Plaintiff,<br><br>v.<br><br>THE CITY OF PHILADELPHIA, *et al.*,<br>  Defendants. | :<br>:<br>:<br>:  CIVIL ACTION NO. 19-CV-2905<br>:<br>:<br>: |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                      **AUGUST 27, 2019**

Plaintiff Keith Davis initiated this civil action by filing a Complaint against the Third Circuit Court of Appeals, the "Third Circuit Court all Districts," the "Clerks of U.S. Courts and State Courts," various state courts, municipal employees/entities and attorneys, and the Washington Post.[1] Although he did not name them in the caption, he also appeared to be bringing claims against several current and former federal judges, and clerical officers for various state and federal courts. In a July 23, 2019 Memorandum and Order, the Court granted Davis leave to proceed *in forma pauperis*, dismissed his Complaint without prejudice, and gave him an opportunity to file an amended complaint. (ECF Nos. 3 & 4.)

Davis responded by filing a document titled "The Order and Memorandum of Law of July 23, 2019, by the U.S. Third Circuit Judge Jeffrey L. Schmehl, is Void." (ECF No. 5.) The document appears to be drafted as a hybrid motion pursuant to Federal Rule of Civil Procedure 60(b)(4) and an amended complaint. So construed, the Court will deny the motion and dismiss the Amended Complaint. Davis will be given one more opportunity to amend.

---

[1] Plaintiff's name appears to be spelled Keith Davis. There appears to be a typographical error in the caption of the Complaint.

## I. FACTS AND PROCEDURAL HISTORY

In construing Davis's initial Complaint, the Court understood Davis to be alleging that state prosecutors, state courts, state and federal judges, public defenders and others have generally conspired to rig the judicial system against African Americans. Many of Davis's allegations were pled in general and conclusory terms. However, it appeared that the impetus for this lawsuit was his June 1, 2018 arrest, his related prosecution and imprisonment, and a related habeas petition that he filed in this Court. (*See* Compl. at 9.)[2]

Davis alleged that on that date he was arrested by officers of the Philadelphia Police Department, charged with various felonies, including attempted murder, and incarcerated at the Philadelphia Industrial Correctional Center ("PICC"). Davis claimed that while incarcerated at PICC he was unconstitutionally punished and denied medical care for various ailments including an "old gunshot wound to the chest, dysentery, and [a] broken tooth." (*Id.*) Davis filed motions in state court and a *habeas* petition in federal court, which was dismissed without prejudice by the Honorable Gerald J. Pappert because Davis failed to pay the fee, failed to file the application on the proper form, and failed to exhaust state remedies. *See Davis v. Phila. Dep't of Prisons Warden*, Civ. A. No. 18-3033 (E.D. Pa.) (ECF No. 4). Davis also notes that Judge Pappert denied a prior habeas petition that he filed challenging pretrial detention in connection with a 2014 arrest. *See Davis v. Ct. of Common Pleas*, Civ. A. No. 15-5113 (E.D. Pa.).

In his initial Complaint, Davis alleged that certain Defendants "fabricate[d] lies" to maintain the charges against him, and that the public defenders conspired with others to keep him in jail. (*Id.* at 10.) The charges against Davis were dismissed on September 11, 2018 and he

---

[2] The Court adopts the pagination assigned to Davis's filings by the CM-ECF docketing system.

was released. Davis also referred to other criminal prosecutions initiated against him and alleged failures in those prosecutions and the prosecutions of third parties. He generally referred to litigation in the state and federal courts and suggested that the courts have been rigged against him.

The Complaint reflected Davis's intention to bring claims pursuant to 42 U.S.C. § 1983, § 1985(3), § 1986, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). He presumably brought claims against the federal actors pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Davis sought assorted declaratory relief, an "independent tribunal" to assess his claims, and millions of dollars in damages. (Compl. at 19.)

As noted above, the Court granted Davis leave to proceed *in forma pauperis* and dismissed his Complaint. The Court first dismissed Davis's § 1985(3) claims because Davis failed to plausibly allege a race-based conspiracy, which was also fatal to his § 1986 claims. Next, the Court explained that Davis's § 1983 claims against the state courts and their parole departments were barred by Eleventh Amendment immunity, his claims against the state judges were barred by absolute judicial immunity, and his claims against the prosecutors who prosecuted him were barred by absolute prosecutorial immunity. The Court then dismissed Davis's § 1983 claims against his public defenders because those individuals are not state actors, and dismissed his municipal liability claims because he failed to adequately allege a policy or custom that caused the violation of his rights. The Court also concluded that Davis failed to allege a clear factual basis to support his claims against state court employees, the Philadelphia Police Department, or Commissioner Richard Ross.

The Court recognized that Davis intended to bring § 1983 claims based on the conditions at PICC. However, he failed to allege how "Superintendent, Philadelphia County Jail, PICC," was involved in any of the alleged violations of his rights or how any other Defendant was so responsible. Turning to Davis's *Bivens* claims, the Court explained that the federal courts are immune from such claims and that the federal judges identified in the Complaint were entitled to absolute judicial immunity. The Court also observed that Davis had failed to allege a plausible basis for his claims against any federal employees and noted the possibility that quasi-judicial immunity applied. As for Davis's inclusion of the Washington Post as a Defendant, the Court explained that the newspaper's failure to publish stories related to Davis's allegations did not support a basis for a lawsuit. Finally, the Court rejected Davis's RICO claims. The Court also rejected Davis's request to assign another judge to preside over this matter.

The Court gave Davis leave to file an amended complaint after noting that it was possible he could cure some of the defects in his claims, "particularly with regard to the conditions of his confinement or the prosecution that ended in his acquittal." (ECF No. 3 at 13.) As noted above, Davis responded by filing a document titled "The Order and Memorandum of Law of July 23, 2019, by the U.S. Third Circuit Judge Jeffrey L. Schmehl, is Void." (ECF No. 5.)

## II.    MOTION FOR RELIEF

In his filing, Davis essentially claims that the Court's July 23, 2019 Memorandum and Order are void under Federal Rule of Civil Procedure 60(b)(4). That rule, which applies to final judgments, is inapplicable here because Davis was given leave to amend an no final judgment has been issued. *See State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) (explaining that Rule 60(b) only applies to final judgments); *Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002) ("Ordinarily, an order dismissing a complaint without prejudice is not a final

4

order as long as the plaintiff may cure the deficiency and refile the complaint."). To the extent the filing can be considered a motion for reconsideration, it is untimely. *See* Fed. R. Civ. P. 59(e) (requiring motions under Rule 59(e) to be filed "no later than 28 days after the entry of the judgment"); E.D. Pa. L.R. 7.1(e) (motions for reconsideration must be filed within fourteen days of entry of the order other than those covered by Rule 59(e)). In any event, even if the motion was timely, Davis has not set forth a legitimate basis for relief. Rather, his filing is comprised of many of the same allegations in his initial Complaint and attacks on the undersigned, none of which reflect a legal error or a basis for a claim.[3]

### III. AMENDED COMPLAINT[4]

On page seven of his filing, in a section titled "Amendment," Davis indicates that he will amend his complaint "as to the conditions of his confinement and the prosecution that led to his acquittal; for the sake of clarity and judicial economy." (ECF No. 5 at 7.) The Court understands Davis to be challenging his confinement on the basis that he believes the prosecution was unwarranted. A plaintiff asserting a malicious prosecution claim must establish that "(1) the

---

[3] Nor does the motion support a basis for recusal. Recusal is rarely justified based upon rulings made by the Court, *Liteky v. United States*, 510 U.S. 540, 554 (1994), and is not required merely because of a litigant's "dissatisfaction with District Court rulings." *In re Brown*, 623 F. App'x 575, 576 (3d Cir. 2015).

[4] As Davis is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. To state a claim, a pleading must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *See McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Here, Davis has made no effort to describe facts that would allow the Court to conclude that this prosecution was initiated without probable cause, nor has he clearly pled how each Defendant (of which there are many) was involved in these violations.

Davis also indicates that he "filed numerous grievances to the prison medical staff and the Superintendent complaining about their refusing medical treatment." (ECF No. 5 at 7.) To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[5] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

---

[5] As Davis was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

"A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Davis has not pled a basis for a constitutional claim based on the conditions at PICC because he has not explained which Defendants were involved in the events giving rise to these claims and how each of the involved Defendants were responsible for violating his rights. Nor has he described the nature of his medical needs or provided any information about the circumstances that support his allegation that he was being refused medical treatment. Furthermore, a prison official who is not medically trained may not be found liable for deliberate indifference based solely on a failure to respond to medical complaints of a prisoner who is under medical care. *See Spruill*, 372 F.3d at 236 ("If a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."); *Carter v. Smith*, 483 F. App'x 705, 708 (3d Cir. 2012) (per curiam) ("Prison officials cannot be held to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff."). In sum, Davis's brief allegations do not support a claim as pled.

## IV. CONCLUSION

For the foregoing reasons, the Court will construe Davis's document titled "The Order and Memorandum of Law of July 23, 2019, by the U.S. Third Circuit Judge Jeffrey L. Schmehl, is Void" as a motion and an Amended Complaint. So construed, the motion is denied and the Amended Complaint is dismissed without prejudice to Davis filing a second amended complaint with regard to the conditions of his confinement at PICC and/or the 2018 prosecution that ended in his acquittal. An Order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**