# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH DAVIS, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 19-CV-2905 |
| : | |
| THE CITY OF PHILADELPHIA, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**SCHMEHL, J.  /s/ JLS**                                                                                         **OCTOBER  17, 2019**

    Plaintiff Keith Davis initiated this civil action by filing a Complaint against the Third Circuit Court of Appeals, the "Third Circuit Court all Districts," the "Clerks of U.S. Courts and State Courts," various state courts, municipal employees/entities and attorneys, and the Washington Post.  Although he did not name them in the caption, he also appeared to be bringing claims against several current and former federal judges, and clerical officers for various state and federal courts.  In a July 23, 2019 Memorandum and Order, the Court granted Davis leave to proceed *in forma pauperis*, dismissed his Complaint without prejudice, and gave him an opportunity to file an amended complaint.  (ECF Nos. 3 & 4.)   The Court observed that Davis might be able to cure the defects in his claims related to a recent prosecution that ended in his acquittal and the conditions of his related confinement at the Philadelphia Industrial Correctional Center ("PICC").   (ECF No. 3 at 2 & 13.)

    Davis responded by filing a document titled "The Order and Memorandum of Law of July 23, 2019, by the U.S. Third Circuit Judge Jeffrey L. Schmehl, is Void."  (ECF No. 5.)  The document was drafted as a hybrid Motion pursuant to Federal Rule of Civil Procedure 60(b)(4) and an Amended Complaint.  In an August 27, 2019 Memorandum and Order (ECF Nos. 6 & 7),

1

the Court explained that, to the extent Davis sought relief under Rule 60(b)(4), his motion was best construed as a motion for reconsideration because no final judgment had been entered. However, the motion was untimely and, in any event, did not set forth any legitimate basis for relief.

The Court also explained that the portion of the filing representing Davis's Amended Complaint "as to the conditions of his confinement and the prosecution that led to his acquittal" did not state a claim. (ECF No. 5 at 7.) Davis failed to include factual allegations supporting a plausible claim that his prosecution was initiated without probable cause, and he failed to plead how each Defendant was involved in the events giving rise to his claims. To the extent he brought a claim for deliberate indifference to his serious medical needs during his incarceration, he failed to describe the nature of his medical needs or provide factual allegations supporting his allegation that he was refused medical treatment. The Court gave Davis leave to file "a second amended complaint with regard to the conditions of his confinement at PICC and/or the 2018 prosecution that ended in his acquittal." (ECF No. 6 at 8.)

Davis returned with a filing entitled "Plaintiff's Response to the Order of U.S. District Judge Jeffrey L. Schmehl August 27, 2019 is Void." (ECF No. 8.) The filing essentially asserts that the Court incorrectly ruled on Davis's prior filings. Davis also seeks counsel. For the following reasons, the Court will construe the filing as a motion for reconsideration and, to the extent it can be considered a Second Amended Complaint, dismiss it with prejudice for failure to state a claim.

I. **MOTION FOR RELIEF**

In his filing, Davis essentially claims that the Court's August 27, 2019 Memorandum and Order are void under Federal Rule of Civil Procedure 60(b)(3) and (4). As previously explained

to Davis, that rule, which applies to final judgments, is inapplicable here because Davis was given leave to amend and no final judgment has been issued. *See State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) (explaining that Rule 60(b) only applies to final judgments); *Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002) ("Ordinarily, an order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint."). To the extent the filing can be considered a motion for reconsideration, it is untimely. *See* Fed. R. Civ. P. 59(e) (requiring motions under Rule 59(e) to be filed "no later than 28 days after the entry of the judgment"); E.D. Pa. L.R. 7.1(e) (motions for reconsideration must be filed within fourteen days of entry of the order other than those covered by Rule 59(e)). Even if the motion were timely, Davis has not set forth a legitimate basis for relief. He claims that the Court lacks jurisdiction, even though he sought to invoke the Court's federal question jurisdiction by filing the lawsuit (*see* ECF No. 2 at 4), and jurisdiction over this civil rights case is clearly proper pursuant to 28 U.S.C. § 1331 and § 1343. In sum, Davis has not identified a legal error or any other basis for concluding that the Court's prior rulings should be vacated.[1]

## II.     SECOND AMENDED COMPLAINT

To the extent Davis's filing can be liberally construed as a Second Amended Complaint, he has not stated a basis for a plausible claim.[2] Davis generally refers to race-based conspiracies

---

[1] Nor does the motion support a basis for recusal. Recusal is rarely justified based upon rulings made by the Court, *Liteky v. United States*, 510 U.S. 540, 554 (1994), and is not required merely because of a litigant's "dissatisfaction with District Court rulings." *In re Brown*, 623 F. App'x 575, 576 (3d Cir. 2015).

[2] As Davis is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. A pleading must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Moreover, Rule 8(a) of the Federal Rules of Civil

and conspiracies against justice (possibly regarding the rights of others as well as himself), but he has not alleged specific facts against a Defendant that would support a plausible claim based on those allegations. He also alleges that he was "incarcerated for 104 days without a conviction or ever setting foot in a Courtroom." (ECF No. 8 at 6.) But he does not elaborate on that allegation even though the Court previously explained the law that would apply to his case. Rather, he asks the Court to appoint counsel. However, in determining whether appointment of counsel is appropriate, the Court should first determine whether a plaintiff's lawsuit has a legal basis. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). As Davis has not established a legal basis for his claims, he is not entitled to appointment of counsel.[3]

## III. CONCLUSION

For the foregoing reasons, the Court will construe Davis's document titled "Plaintiff's Response to the Order of U.S. District Judge Jeffrey L. Schmehl August 27, 2019 is Void." (ECF No. 8) as a motion and a Second Amended Complaint. So construed, the motion is denied and the Second Amended Complaint is dismissed for failure to state a claim. In light of Davis's prior responses to the Court's grants of leave to amend, the Court concludes that further attempts at amendment would be futile. Davis's request for counsel is denied. An Order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**

---

Procedure "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

[3] Davis also has not established that he would be entitled to counsel even if he had set forth a basis for a plausible claim.